UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JARED JEFFERS                                                                                    PETITIONER
ADC # 655280

V.                           NO. 5:19-CV-00309-JM-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                      RESPONDENT

RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**I. Background**

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner Jared Jeffers ("Jeffers").  *Doc. 2*.  Before addressing Jeffers's Petition, the Court will review the procedural history of the case in state court.

In early 2017, Jeffers was charged with four counts of residential burglary and one count of felony theft of property valued at over $5,000 in Ashley County Circuit

Court. *State v. Jeffers*, Ashley County Cir. Ct. Case No. CR-2017-036-1-B.[1] As a habitual offender,[2] Jeffers faced 30 to 270 years in prison if convicted on those charges.[3] Plea Hearing, *Doc. 6-2 at 82-83*.

Additionally, because Jeffers had been previously convicted of residential burglary in 2006, he was ineligible for parole if convicted on any one of the pending residential burglary charges. Ark. Code Ann. § 16-93-609 ("Any person who commits a [felony involving violence as defined by § 5-4-501(d)(2)] . . . and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense . . . shall not be eligible for release on parole by the board."); Ark. Code Ann. § 5-4-501(d)(2)(xi) (Supp. 2017) (defining residential burglary as a "felony involving violence").

On July 25, 2017, Jeffers entered a negotiated guilty plea and was sentenced to 30 years in the ADC, followed by 10 years suspended imposition of sentence, on each of the four burglary counts; and 30 years in the ADC for felony theft. Plea

---

[1] Jeffers was also charged and later convicted of committing several thefts and burglaries in October and November of 2016 in Drew County and Desha County. He does not challenge those convictions in his habeas Petition.

[2] Jeffers had been previously convicted of the following felonies: three counts of residential burglary; three counts of theft of property; two counts of controlled-substance fraud; and one count of breaking or entering. *See State v. Jeffers*, Ashley County Cir. Ct. No. 02CR-06-157, *Doc. 6-7* (docket sheet accessible online at https://caseinfo.arcourts.gov/cconnect).

[3] Under Ark. Code. Ann. § 5-4-403 (Supp. 2017), Jeffers was subject to the imposition of consecutive sentences on each charge that could have totaled between 30 and 270 years in the ADC.

Transcript, *Doc. 6-2 at 78-99*. Because the trial judge ordered all sentences to run concurrent to one another, Jeffers was effectively sentenced to 30 years of imprisonment, with an additional 10 years suspended imposition of sentence. *Id. at 8, 96*.

The Ashley County Circuit Court entered its sentencing order on August 3, 2017. Sentencing Order, *Doc. 6-2 at 9-12*. Despite having entered a *guilty plea*, Jeffers filed a *pro se* Notice of Appeal in the Ashley County Circuit Court on August 24, 2017. *Id. at 22-25*. Jeffers attached an unsworn affidavit to his Notice of Appeal that claimed his decision to plead guilty was based on his attorney advising him he would only be required to serve 25% of his 30-year sentence. *Id. at 23-24*.

On August 30, 2017, Jeffers filed a *pro se* Petition to Correct an Illegal Sentence in the Ashley County Circuit Court. *Doc. 6-2 at 26-30*. He argued that the trial court incorrectly enhanced his sentence based on his prior residential burglary conviction from 2006.

On November 8, 2017, the Ashley County Circuit Court entered an order denying Jeffers's Petition to Correct an Illegal Sentence. *Id. at 31-32*. The order also addressed Jeffers's unsworn Affidavit, which he had attached to his Notice of Appeal. The trial court explained to Jeffers that he was really complaining about ineffective assistance of counsel and that a Petition to Correct an Illegal Sentence

was *not* the "proper pleading" to raise that claim. *Id. at 31*. Jeffers did not appeal the denial of his Petition to Correct an Illegal Sentence.

On November 17, 2017, the appellate record was lodged in Jeffers's direct appeal to the Arkansas Court of Appeals. *See* Notice of Filing of Appeal, *Jeffers v. State*, Ark. Ct. App. No. 17-955.[4]

On December 22, 2017, Jeffers filed a Rule 37 Petition in Ashley County Circuit Court. *Id. at 48-58*.

On March 7, 2018, the State filed a Motion to Dismiss Jeffers's direct appeal because he had failed to file a timely Appellant's Brief. *See Jeffers v. State*, Ark. Ct. App. No. CR-17-955.

On March 20, 2018, the Ashley County Circuit Court entered an order dismissing Jeffers's Rule 37 Petition as untimely.[5] *Id. at 62*. Jeffers did not appeal the dismissal of his Rule 37 Petition.

On April 6, 2018, Jeffers's court-appointed trial counsel, Joseph Mazzanti ("Mazzanti"), filed a Response to the State's Motion to Dismiss Jeffers's direct appeal and a Motion to Withdraw as Jeffers's counsel. *See Jeffers v. State*, Ark. Ct. App. No. CR-17-955.

---

[4] The docket is accessible online at https://caseinfo.arcourts.gov/cconnect.

[5] Although the trial court loses jurisdiction to rule on the *merits* of a Rule 37 Petition after the record is lodged on direct appeal, it may still consider the *timeliness* of a Rule 37 petition. *See Washington v. State*, 2010 Ark. 345, 3 (2010) (citing *Johnson*, 2010 Ark. 309; *Tapp v. State*, 324 Ark. 176, 920 S.W.2d 482 (1996)).

On April 11, 2018, the Arkansas Court of Appeals denied the State's Motion to Dismiss, granted Mazzanti's Motion to Withdraw, and appointed Dusti Standridge ("Standridge") as Jeffers's new counsel in his direct appeal. *Doc. 6-2 at 66*.

On July 30, 2018, Standridge filed an Appellant's Brief on behalf of Jeffers in his direct appeal. Because the criminal information filed against Jeffers in Ashley County did not officially charge him as a habitual offender, Jeffers argued his sentence was invalid.[6] *Doc. 6-3 at 28-35*. In its Appellee's Brief, the State argued that Jeffers's unconditional guilty plea foreclosed his right to a direct appeal. *Id. at 73*.

On December 18, 2018, the Arkansas Court of Appeals dismissed Jeffers's direct appeal. According to the Court, there are only two situations in which a defendant may file a direct appeal after entering an unconditional guilty plea:

> The first exception is when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself, and the second exception is when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself.

---

[6] While the Ashley County criminal information did not contain a standalone habitual offender charge against Jeffers, the criminal information and Jeffers's plea statement both cited the enhanced range of sentences applicable to habitual offenders. *Doc. 6-2 at 4-8*. Further, Jeffers and his trial counsel both signed a plea statement that recited: "You are charged as a habitual offender. YES." *Id. at 6*. Finally, at the plea hearing, the trial judge told Jeffers that he was subject to enhanced penalties as a habitual offender with four or more prior felony convictions. *Id. at 81-82*.

*Jeffers v. State*, 2018 Ark. App. 616, at 2-3, 564 S.W.3d 316, 317 (2018) (citing *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004)). Because Jeffers appeal did not fit either exception, the Court concluded that it lacked jurisdiction to consider Jeffers's appeal.[7] On January 2, 2019, the Arkansas Court of Appeals issued its mandate.

## II. Discussion

On September 25, 2019, Jeffers filed this § 2254 habeas Petition, raising one claim:

> Mr. Mazzanti provided constitutionally ineffective assistance of counsel by advising Jeffers that, if he pleaded guilty, he would only be required to serve 25% of his thirty-year sentence.

*Doc. 2 at 5, 9*.

In his Response, Respondent argues that Jeffers's habeas claim is: (1) time-barred; (2) procedurally defaulted; and (3) without merit. *Doc. 6*. Despite being invited to do so, Jeffers did not file a Reply. *Doc. 7*.

---

[7] The Arkansas Court of Appeals noted that, although Jeffers filed a Petition to Correct an Illegal Sentence six days after he filed his notice of appeal, he never amended his notice of appeal or filed a new notice of appeal from the denial of that petition. *Jeffers v. State*, 2018 Ark. App. 616, n. 2, 564 S.W.3d 316, 317 (2018).

6

Because Jeffers's habeas claim is procedurally defaulted, his habeas Petition should be dismissed, with prejudice. Accordingly, the Court need not address Respondent's other arguments for dismissal.[8]

## II. Discussion

A habeas petitioner must "fairly present" his claims in state court *before* seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-849 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claims, not only in the state trial court, but also in "one complete

---

[8] The issues regarding the timeliness of Jeffers' habeas Petition are complicated. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must file his habeas Petition within one year of the date the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Jeffers filed his habeas Petition on September 25, 2019. To find Jeffers's habeas Petition untimely, the Court would have to ignore the fact that Jeffers's direct appeal, though improvidently taken, remained pending before the Arkansas Court of Appeals from November 17, 2017, until December 18, 2018. *Jeffers v. State*, Ark. Ct. App. No. CR-17-955.

Respondent cites *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015), to argue that, when a defendant enters an unconditional guilty plea, as Jeffers did, the one-year limitations period begins to run 30 days from the date judgment is entered against him. Unlike this case, *Camacho* considered a state prisoner who *did not* seek direct review. *Id.* at 934-935. Jeffers *did* seek direct review, and his appeal remained pending for 16 months. Thus, arguably, *Camacho* and this case are distinguishable.

Because the procedural default issue is clear, the Court elects not to address the timeliness issue "in the interest of judicial economy." *See Trussell v. Bowersox*, 447 F.3d 588, 590-591 (8th Cir. 2006) (because neither the statute of limitations nor procedural default presents a jurisdictional bar to federal habeas review, either of those issues can be bypassed "in the interest of judicial economy").

round of the State's established appellate review process." *Murphy*, 652 F.3d at 848-849; *Grass v. Reitz*, 643 F.3d 579, 584-585 (8th Cir. 2011).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

Arkansas law required Jeffers to present his claim that he entered his guilty plea based on constitutionally ineffective assistance of counsel in a *timely* Rule 37 Petition. *See Graham v. State*, 358 Ark. 296, 298, 188 S.W.3d 893, 895 (Ark. 2004) (challenges to effectiveness of counsel in connection with entry of a guilty plea "could, and should" be raised in a Rule 37 petition).

When Jeffers entered his unconditional guilty plea, he *knew* that he had no right to pursue a direct appeal of his conviction.[9] Instead, Jeffers had one option – file a *timely* Rule 37 Petition raising his ineffective assistance of trial counsel claim in the Ashley County Circuit Court. *See* Ark. R. Crim. P. 37(c)(i) ("If a conviction was obtained on a plea of guilty, . . . a petition claiming relief under this rule must

---

[9] In Jeffers's signed plea statement, he acknowledged that he understood he could not appeal: "Do you understand that your plea of guilty is a waiver of your right to a trial by jury and of your right to appeal to any other court?" Jeffers checked "YES." *Doc. 6-2 at 6*.

be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment.").

Jeffers did not file his Rule 37 Petition until *December 22, 2017*, more than one hundred twenty (120) days after the trial court entered the judgment against him, on August 3, 2017. On March 20, 2018, the trial court dismissed Jeffers's Rule 37 Petition as untimely.[10] Because Jeffers did *not* appeal the dismissal of his Rule 37 Petition to the Arkansas Supreme Court, he procedurally defaulted his ineffective assistance of counsel claim.

In order for this Court to now consider Jeffers's ineffective assistance of counsel claim, he must come forward with facts sufficient to satisfy the "cause and prejudice" or "actual innocence" exceptions to procedural default. *See Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice"); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light

---

[10] The trial court incorrectly used the date of Jeffers's guilty plea, July 25, 2017, instead of the date judgment was entered, August 3, 2017, as the date his 90-day period for filing a Rule 37 Petition began to run. *Doc. 6-2 at 62*; Ark. R. Crim. Pro. 37.2(c)(i) ("If a conviction was obtained on a plea of guilty, . . . a petition . . . must be filed . . . within ninety (90) days of the date of entry of judgment."). Using either date, however, Jeffers's Rule 37 Petition was still untimely.

of the new evidence).[11]  If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice.  *Murphy*, 652 F.3d at 850.

According to Jeffers, once he discovered that he was ineligible for parole, it was too late to file a timely Rule 37 Petition:

> My Rule 37.1 was not filled [sic] in time because when I finally received [sic] my commitment order the deadline was already past. Up untill [sic] that time I did not know my sentence was to be served on the 100%. I was thinking that my lawyer had been truthful and it would be 25% of the sentence.

*Doc. 2 at 10*.  However, this excuse is *directly refuted* by Jeffers's own statement in the "Affidavit" he filed in the trial court on *August 24, 2017*. *Doc. 6-2 at 23-24*.  In that document, Jeffers makes it clear that shortly after he was sentenced and entered the ADC in early-August of 2017, *he became aware of his potential claim of ineffective assistance of counsel against Mazzanti*:

> Upon my return [to the ADC] I recieved [sic] a time card . . . which read: that my sentence would be served on 100%, or that I would have to serve 30 years day for day. . . . This is not the plea that I accepted, or the plea that was set forth to myself by Mr. Mazzantti [sic].

*Doc. 6-2 at 24*.[12]  Thus, Jeffers has *no plausible basis* for claiming he was prevented from raising his habeas claim in a timely Rule 37 Petition.

---

[11] Jeffers does not claim that he is actually innocent.

[12] Although the precise date Jeffers was received into the custody of the ADC is not clear from the record, it could have been no later than August 15, 2017, given that he received three prison disciplinaries that day.  *See* https://apps.ark.org/inmate_info/index.php.  Thus, Jeffers knew he would be required to serve 100% of his sentence no later than 12 days after the Ashley County

Finally, the Court has also considered whether *Martinez v. Ryan*, 566 U.S. 1 (2012), applies in this case. To fit within the narrow *Martinez* exception and qualify for possible equitable tolling, a habeas petitioner must, *at a minimum*, file a timely Rule 37 Petition. *Cutsinger v. Kelley*, No. 5:18CV00304, 2019 WL 1871006, at *4 (E.D. Ark. Apr. 10, 2019), report and recommendation adopted, No. 5:18-CV-00304, 2019 WL 1867936 (E.D. Ark. Apr. 25, 2019) (The rule in *Martinez* does not apply when a petitioner fails to file a timely Rule 37 Petition); *Briggs v. Kelley*, No. 4:18CV00768, 2018 WL 6497888, at *4 (E.D. Ark. Nov. 15, 2018), report and recommendation adopted, No. 4:18CV00768, 2018 WL 6492599 (E.D. Ark. Dec. 10, 2018) (same); *see also Jones v. Pennsylvania Bd. of Prob. & Parole*, 492 F. App'x 242, 246-47 (3d Cir. 2012). Because Jeffers failed to file a timely Rule 37 Petition, *Martinez* is inapplicable.[13]

Accordingly, Jeffers has failed to establish "cause" to excuse the procedural default of his ineffective assistance of counsel claim.

---

Circuit Court entered its August 3, 2017 judgment against him and 9 days before he filed his ill-considered Notice of Direct Appeal.

[13] Even if Jeffers had not procedurally defaulted his claim, he would be hard-pressed to succeed on the merits, given his signed plea statement in which he was asked "If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get you to enter this plea?" Jeffers initialed and checked "YES." *Doc. 6-2 at 7*.

11

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (*Doc. 2*) be DISMISSED, with prejudice.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 24th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE